UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Chris Sevier
(Plaintiff)

John Gunter Jr., Whitney Kohl, Joan
Grace Harley
(Intervening Plaintiffs) V.                    Case No: 1:17-cv-00570-RDM

Alan Lowenthal, in his capacity as a           The Honorable Judge Randolph D. Moss
member of Congress, Susan Davis, in her
capacity as a member of Congress, Donald
S. Beyer, in his capacity as a member of
Congress, and Earl Blumenauer, in his
capacity as a member of Congress
(Defendants)



FEB 1 2 2018

## MOTION FOR LEAVE TO FILE AND PERMIT THE NATIONAL ALLIANCE OF BLACK PASTORS TO APPEAR *AMICI CURIAE* IN SUPPORT OF THE PLAINTIFFS

NOW COMES, the National Alliance of Black Pastors, by and through Counsel, respectfully seeking leave to file *Amici Curiae*. The attached brief partially supports the Plaintiffs' causes of action.[1] A lot of the research for this brief was conducted by the the National Coalition Of Black Pastors And Christian Leaders.[2] This brief ties in with the briefs

---

[1] *Amici* believe that this Honorable Court should deny the Plaintiffs' claims under the Fourteenth Amendment for the same reason that the Supreme Court in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015) should have denied the self-identified homosexual petitioners marriage demand under the Fourteenth Amendment: a lack of Subject Matter Jurisdiction. However, *Amici* believes that this Honorable Court should grant the Plaintiffs' claims under the Establishment Clause for it is the controlling Constitutional prescription that informs all of the States which marriages they can respect, recognize, and endorse.
[2] Many lawyers and researchers helped write this brief, however, because the Plaintiffs, declarants, and Attorneys of record for the Plaintiffs in other cases are being threatened by zealous Secular Humanists, several *Amici* will file through the same counsel. (See the Declaration of Pastor Penkoski). Counsel for *Amici* appears pro-bono because she believes these matters must be fully litigated. Counsel asks that any restrictions and fees - if any - be waived.

filed by the Center For Garden State Families, the National Association of Black Pastors, and American Family Association of PA. It is important that this brief be in the record because it is the position of *Amici* that for any government official to falsely equate the gay plight to the race based civil rights movement lead by Pastor Martin Luther King is an act of intellectual dishonesty that amounts to racism in-kind in a manner that manages to be sexually, intellectually, emotionally, and racially exploitative, while violating the spirit of the 1964 Civil Rights Act. *Amici* have a vested interest in defending the integrity of the race-based civil rights movement.[3] Comparing the dilemmas of same-sex couples to the centuries of discrimination

---

This is an important case that impacts the public's safety health and welfare where the Court is being asked to interpret the Constitution.    (Once the case is appealed to the Circuit Court and the United States Supreme Court, additional lawyers will appear on behalf of all of the various *Amici Curiae*.)

[3] : Pastor Charlene Cothran is the director of the National Alliance of Black Pastors And Persecuted Christians.  Her sworn statement is in the record and sets forth her interest in detail.# Pastor Cothran is an African American Pastor who operated as a Militant self-identified Lesbian activist for over 28 years before converting to Christianity and leaving the lifestyle behind completely.  Pastor Cothran was radically transformed by the personalized truth found in the New Testament Gospel.  She went from persecuting Christians, as a devout self-identified lesbian to becoming one, leaving homosexuality behind.  This brief draws from research conducted by the National Coalition of Black Pastors and Christian Leaders, which represent the interests of over 25,000 Churches and Ministries that include over 3 million laity.  The National Coalition of Black Pastors and Christian Leaders lead their pastoral communities, preach, spread the good news of God's love, and promote the truth.  As pastors, *Amici* are considered shepherds who guide their church communities in accordance with time-proven Biblical values and truth. For *Amici,* the Bible expresses sound, ethically-grounded doctrine upon which individuals beneficially rely regarding family matters. *Amici* carry the responsibility to oppose unsound morally-relative doctrines embraced by government actors and to oppose practices that are harmful to the following of God's time-proven teachings that accord with the self-evident transcultural universal law that is woven into the fabric of the Universe.  *Amici* hold an interest in the government not entangling itself with the religion of Secular Humanism postmodern moral relativism and expressive individualism. Amici are taxpayers themselves who have standing to file their own separate lawsuit under the Establishment Clause enjoining the State from legally endorsing, respecting, and recognizing gay marriage. The Amici were in-part inspired to author this brief after seeing the LGBTQ community gang up on and persecute African American Vanderbilt law professor Carol Swain, who is an outspoken grace-based Christian who is full of good will and the truth.

faced by Black Americans is a deceptive distortion of our country's culture and history. The disgraces in our nation's history pertaining to the civil rights of Black Americans are unmatched. No other class of individuals, including individuals who are same-sex, objectophilic, or polygamously attracted, have ever been enslaved, or lawfully viewed not as human, but as property.[4] Self-identified homosexuals, polygamists, and objectofile have never lawfully been forced to attend different schools, walk on separate public sidewalks, sit at the back of the bus, drink out of separate drinking fountains, denied their right to assemble, or denied their voting rights. *Id.* The legal history of these disparate classifications, *i.e.*, immutable racial discrimination and same-sex attraction, is incongruent. Yet, some devout Moral Relativists in office have mistakenly understated this incongruence to manufacture and mandate the ill-conceived and apparently limitless concept of "marriage equality."

This brief, in-part, focuses on what happened in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015) at the District, Sixth Circuit, and Supreme Court level, while exposing the intellectual dishonesty underlying the self-identified homosexual petitioners' arguments that were wrongfully ratified by five of nine justices on the USSC. A State has no responsibility to promote any person's sexual proclivities, whether heterosexual, homosexual, or otherwise—and certainly is not required to accept that one's sexual conduct preference is the same as an immutable characteristic like race. The Supreme Court in *Obergefell* should have upheld the State's marriage bans because the underlying legal basis for the marriage bans was the First Amendment Establishment Clause. The *Obergefell* court should have properly applied the

---

[4] *See, e.g.*, Stacy Swimp, *LGBT Comparison of Marriage Redefinition to Historical Black Civil Rights Struggles is Dishonest and Manufactured* (March 7, 2014), (http://stacyswimp.net/2014/03/07/lgbt-comparison-of-marriage-redefinition-to-historical-Black-civil-rights-struggles-is-dishonest-and- manufactured).

reasoning behind the landmark case of *Loving v. Virginia,* 388 U.S. 1 (1967) as the 6th Circuit did for reasons addressed in the brief. In no uncertain terms, the self-identified homosexual petitioners in *Obergefell* asked the USSC to commit an act of judicial overreach, aggrandize the power of a limited federal judiciary, and improperly diminish the power of the United States Constitution by asking the USSC to disregard the Establishment Clause and to misuse the Fourteenth Amendment.

"Although there is no formal rule governing the filing of *amicus curiae* briefs, district courts possess the inherent authority to grant or refuse leave to amicus parties." *Georgia Aquarium, Inc. v. Pritzker,* 135 F.Supp.3d 1280 (N.D.Ga.2015). "A district court exercises wide discretion in deciding whether to grant or deny leave to file an amicus brief." *United States v. Board of County Commissioners of the County of Otero,* 184 F.Supp.3d 1097 (D.N.M. 2015). See also: Brief of an Amicus Curiae FRAP Rule 29;; Pleadings Allowed; Form of Motions and Other Papers FRCP Rule 7. This is a Constitutional action and given what is at stake leave should be given.

The Plaintiffs in this case and others have filed similar cases to this one in other District Courts throughout the United States. The Courts have granted leave upon the request of other *Amicus* Filers. (See Attached order in *Gunter v. Bryant*). This Brief ties in with other briefs in the record that cross reference the instant brief. Furthermore, *Amici* are taxpayers, who, like the Plaintiffs, have taxpayer standing to file their own separate lawsuit under the Establishment Clause to enjoin the Defendants from displaying the offensive, oppressive, and non-secular Gay Pride Flag in the public hallways of the people's legislative building. However, to save judicial economy, *Amici* simply seeks leave to file to submit their brief in the defense of the

integrity of the United States Constitution. Depending on whether this Court grants leave, *Amici* will determine whether to file a lawsuit for their own.

This action is not frivolous but is an actual case and controversy that meets the Supreme Court's standard in *Golden v. Zwickler,* 394 U.S. 103, 110 (1969). Leave should be granted because "Stare Decisis" does not keep *Obergefell v. Hodges,* 135 S.Ct. 2584 (2015) from being overruled. The Supreme Court found that "questions which merely lurk in the record, neither brought to attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Cooper Industries, Inc. v. Aviall Services, Inc.* 543 U.S. 157 (2004). The Establishment Clause claims were "lurking" in the record but undecided in *Obergefell.* "[Stare Decisis]is at its weakest when [the courts] interpret the Constitution because our interpretation can be altered only by constitutional amendment or by overruling our prior decisions." *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 63, 116 S.Ct. 1114, 1127, 134 L.Ed.2d 252 (1996); *St. Joseph Stock Yards Co. v. United States,* 298 U.S. 38, 94, 56 S.Ct. 720, 744, 80 L.Ed. 1033 (1936) (Stone and Cardozo, JJ., concurring in result) ("The doctrine of stare decisis ... has only a limited application in the field of constitutional law"). The District Court in this case is being asked to re-interpret the Constitution correctly.[5]

---

[5] By allowing the Amicus filer to submit its brief it can allow to this Honorable Court and the Defendants to do its job under the Article 6 of the United States Constitution which reads:This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.The Senators and Representatives before mentioned, and the members of the several state legislatures, and all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this Constitution.

Judges and politicians in the other branches are human. They make mistakes. *Amici's* brief may help the Court relegate *Obergefell* to the line of overruled Supreme Court cases.[6]

---

[6] *Swift v. Tyson*, 41 U.S. 1 (1842), overruled by *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). *Plessy v. Ferguson*, 163 U.S. 537, 16 S.Ct. 1138 (1896) held that "equal but separate" segregated facilities were constitutionally permissible. Overruled by *Brown v. Board of Education of Topeka, Shawnee County, Kan.*, 347 U.S. 483, 495, 74 S.Ct. 686, 692 (1954) ("Separate educational facilities are inherently unequal."). *Lochner v. New York*, 198 U.S. 45, 25 S.Ct. 539 (1905) held that a state statute could not invalidate employer-employee contracts that required more than 60 hours/week of work. Overruled in part by *Day-Brite Lighting Inc. v. State of Mo.*, 342 U.S. 421, 72 S.Ct. 405 (1952); and *Ferguson v. Skrupa*, 372 U.S. 726, 83 S.Ct. 1028 (1963). *Coppage v. State of Kansas*, 236 U.S. 1, 35 S.Ct. 240 (1915) held invalid a state statute that forbade employers to condition employment on a promise not to join a labor union. Overruled in part by *Phelps Dodge Corp. v. N.L.R.B.*, 313 U.S. 177, 61 S.Ct. 845 (1941). *Adkins v. Children's Hospital of the District of Columbia*, 261 U.S. 525, 43 S.Ct. 394 (1923) invalidated minimum wage statutes. Overruled in part by *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 57 S.Ct. 578 (1937). *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 52 S.Ct. 443 (1932), overruled in part by *Helvering v. Bankline Oil Co.*, 303 U.S. 362, 58 S.Ct. 616 (1938) and *Helvering v. Mountain Producers Corporation*, 303 U.S. 376, 58 S.Ct. 623 (1938). *Minersville School District v. Gobitis*, 310 U.S. 586, 60 S.Ct. 1010 (1940) held that a public school could expel pupils who refused to salute the flag because they were Jehovah's Witnesses. Overruled by *West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 63 S.Ct. 1178 (1943).cases overruled after 1 Jan 1960: *Minturn v. Maynard*, 58 U.S. 477 (1854) held that an agent was barred from suing a principal under admiralty law. Overruled by *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 111 S.Ct. 2071 (1991). *Low v. Austin*, 80 U.S. 29 (1871), overruled by *Michelin Tire Corp. v. Wages*, 423 U.S. 276, 96 S.Ct. 535 (1976). *Pennoyer v. Neff*, 95 U.S. 714 (1878), overruled in part by *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569 (1977). *Kring v. State of Missouri*, 107 U.S. 221 (1883), overruled by *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715 (1990). *The Harrisburg*, 119 U.S. 199, 7 S.Ct. 140 (1886) held that federal maritime law did not recognize a cause of action for wrongful death. Overruled by *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772 (1970). See also *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996). *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 15 S.Ct. 673 (1895), overruled by *South Carolina v. Baker*, 485 U.S. 505, 108 S.Ct. 1355 (1988). *Geer v. State of Connecticut*, 161 U.S. 519, 16 S.Ct. 600 (1896), overruled by *Hughes v. Oklahoma*, 441 U.S. 322, 99 S.Ct. 1727 (1979). *Thompson v. State of Utah*, 170 U.S. 343, 18 S.Ct. 620 (1898), overruled by *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715 (1990). *Pope v. Williams*, 193 U.S. 621, 24 S.Ct. 573 (1904), overruled by *Dunn v. Blumstein*, 405 U.S. 330, 337, n. 7, 92 S.Ct. 995, 1000 (1972) ("To the extent that dicta in that opinion are inconsistent with the test we apply or the result we reach today, those dicta are rejected."). *Evans v. Gore*, 253 U.S. 245, 40 S.Ct. 550 (1920). Overruled by *U.S. v. Hatter*, 532 U.S. 557, 121 S.Ct. 1782 (2001). *Quaker City Cab Co. v. Commonwealth of Pennsylvania*, 277 U.S. 389, 48 S.Ct. 553 (1928), abrogated by Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 365, 93 S.Ct. 1001, 1006 (1973) ("*Quaker City Cab Co. v. Pennsylvania* is only a relic of a bygone era. We cannot follow it and

stay within the narrow confines of judicial review, which is an important part of our constitutional tradition."). *Olmstead v. U.S.*, 277 U.S. 438, 48 S.Ct. 564 (1928) held that telephone wiretaps are not forbidden by the Fourth Amendment. Overruled by Berger v. State of N.Y., 388 U.S. 41, 64, 87 S.Ct. 1873, 1886 (1967) (Douglas, J., concurring) ("I join the opinion of the Court because at long last it overrules sub silentio *Olmstead v. United States*, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, and its offspring and brings wiretapping and other electronic eavesdropping fully within the purview of the Fourth Amendment.") and by *Katz v. U.S.*, 389 U.S. 347, 362, n. *, 88 S.Ct. 507, 517 (1967) (Harlan, J., concurring) ("... today's decision must be recognized as overruling *Olmstead v. United States*, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, which essentially rested on the ground that conversations were not subject to the protection of the Fourth Amendment."). *Louis K. Liggett Co. v. Baldridge*, 278 U.S. 105, 49 S.Ct. 57 (1928), *overruled by North Dakota State Bd. of Pharmacy v. Snyder's Drug Stores, Inc.*, 414 U.S. 156, 94 S.Ct. 407 (1973). *Sinclair v. U.S.*, 279 U.S. 263, 49 S.Ct. 268 (1929), overruled by *U.S. v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995). *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310 (1935), overruled by *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133 (1988). *Aero Mayflower Transit Co. v. Georgia Public Service Commission*, 295 U.S. 285, 55 S.Ct. 709, (1935), *overruled by American Trucking Associations, Inc. v. Scheiner*, 483 U.S. 266, 107 S.Ct. 2829 (1987). *See also American Trucking Associations, Inc. v. Smith*, 496 U.S. 167, 110 S.Ct. 2323 (1990). *Triplett v. Lowell*, 297 U.S. 638, 56 S.Ct. 645 (1936), overruled in part by *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434 (1971). *Puget Sound Stevedoring Co. v. Tax Com'n of State of Washington*, 302 U.S. 90, 58 S.Ct. 72 (1937), *overruled by Department of Revenue of State of Washington v. Association of Washington Stevedoring Companies*, 435 U.S. 734, 98 S.Ct. 1388 (1978). *Moore v. Illinois Central Railroad Co.*, 312 U.S. 630, 61 S.Ct. 754 (1941), overruled in part by *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562 (1972). *Valentine v. Chrestensen*, 316 U.S. 52, 62 S.Ct. 920 (1942) held commercial speech had no First Amendment protection. Overruled by *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S.Ct. 1817 (1976). *Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163 (1942)*, overruled by *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133 (1988). *Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 65 S.Ct. 347 (1945), overruled by Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 122 S.Ct. 1640 (2002). House v. Mayo*, 324 U.S. 42, 65 S.Ct. 517 (1945) held that the U.S. Supreme Court lacks jurisdiction to review denials of certificates of probable cause. Overruled by *Hohn v. U.S.*, 524 U.S. 236, 118 S.Ct. 1969 (1998). *Commissioner of Internal Revenue v. Wilcox*, 327 U.S. 404, 66 S.Ct. 546 (1946) held that embezzled money was not taxable as income. Overruled in part by *James v. U.S.*, 366 U.S. 213, 81 S.Ct. 1052 (1961). *Joseph v. Carter & Weekes Stevedoring Co.*, 330 U.S. 422, 67 S.Ct. 815 (1947), overruled by *Department of Revenue of State of Washington v. Association of Washington Stevedoring Companies*, 435 U.S. 734, 98 S.Ct. 1388 (1978). *Goesaert v. Cleary*, 335 U.S. 464, 69 S.Ct. 198 (1948), disapproved of by *Craig v. Boren*, 429 U.S. 190, 210, n. 23 (1976) ("Insofar as Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948), may be inconsistent, that decision is disapproved."). *International Union, U. A. W., A. F. of L., Local 232 v. Wisconsin Employment Relations Board*, 336 U.S. 245, 69 S.Ct. 516 (1949), overruled by *Lodge 76, Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO v.*

---

*Wisconsin Employment Relations Commission,* 427 U.S. 132, 96 S.Ct. 2548 (1976). *Bryan v. U.S.,* 338 U.S. 552, 70 S.Ct. 317 (1950), overruled by *Burks v. U.S.,* 437 U.S. 1, 98 S.Ct. 2141 (1978). *Spector Motor Service v. O'Connor,* 340 U.S. 602, 71 S.Ct. 508 (1951), overruled by *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 97 S.Ct. 1076 (1977). *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182 (1953) held that the Securities Act prohibited arbitration of disputes. Overruled by *Rodriguez de Quijas v. Shearson/American Exp., Inc.,* 490 U.S. 477, 109 S.Ct. 1917 (1989). *U.S. v. Bramblett,* 348 U.S. 503, 75 S.Ct. 504 (1955), overruled by *Hubbard v. U.S.,* 514 U.S. 695, 715, 115 S.Ct. 1754, 1765 (1995). *Yates v. U. S.,* 354 U.S. 298, 77 S.Ct. 1064 (1957), overruled by *Burks v. U.S.,* 437 U.S. 1, 98 S.Ct. 2141 (1978). *Morey v. Doud,* 354 U.S. 457, 77 S.Ct. 1344 (1957), overruled by City of *New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513 (1976). *Roth v. U.S.,* 354 U.S. 476, 484, 77 S.Ct. 1304, 1309 (1957) and *A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Massachusetts,* 383 U.S. 413, 418, 86 S.Ct. 975, 977 (1966) (plurality opinion) held speech was unprotected obscenity if "the material is utterly without redeeming social value." Abrogated by *Miller v. California,* 413 U.S. 15, 24, 93 S.Ct. 2607, 2615 (1973) (third criteria in Roth changed to: "do not have serious literary, artistic, political, or scientific value."). *Forman v. U.S.,* 361 U.S. 416, 80 S.Ct. 481 (1960), overruled by *Burks v. U.S.,* 437 U.S. 1, 98 S.Ct. 2141 (1978). *Jones v. U.S.,* 362 U.S. 257, 80 S.Ct. 725 (1960), overruled by U. S. v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547 (1980). *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473 (1961) held local governments were immune from litigation under 42 U.S.C. § 1983. Overruled by *Monell v. Department of Social Services of City of New Yor*k, 436 U.S. 658, 98 S.Ct. 2018 (1978). *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745 (1963), overruled by *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 112 S.Ct. 1715 (1992). *Parden v. Terminal Railway of Alabama State Docks Dept.,* 377 U.S. 184, 84 S.Ct. 1207 (1964) held that state-operated railroad could not plead sovereign immunity. *Overruled by Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 107 S.Ct. 2941 (1987) and *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board,* 527 U.S. 666, 119 S.Ct. 2219 (1999). *General Motors Corp. v. Washington,* 377 U.S. 436, 84 S.Ct. 1564 (1964), overruled by *Tyler Pipe Industries, Inc. v. Washington State Dept. of Revenue,* 483 U.S. 232, 107 S.Ct. 2810 (1987) *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509 (1964), overruled by *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317 (1983). *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824 (1965), overruled by Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 (1986). See also *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878 (1986) (per curiam). *Joseph E. Seagram & Sons, Inc. v. Hostetter,* 384 U.S. 35, 86 S.Ct. 1254 (1966), abrogated by *Healy v. Beer Institute, Inc.,* 491 U.S. 324, 109 S.Ct. 2491 (1989). *Albrecht v. Herald Co.,* 390 U.S. 145, 88 S.Ct. 869 (1968) held that vertical price fixing was a per se violation of antitrust statutes. Overruled by *State Oil Co. v. Khan,* 522 U.S. 3, 118 S.Ct. 275 (1997). *Maryland v. Wirtz,* 392 U.S. 183, 88 S.Ct. 2017 (1968), overruled by *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465 (1976). (Usery was later overruled.) *U. S. v. Arnold, Schwinn & Co., 388 U.S. 365, 87 S.Ct. 1856 (1967),* overruled by Continental *Television, Inc. v. GTE Sylvania Inc., 433 U.S. 36, 97 S.Ct. 2549 (1977). Desist v. U.S.,* 394 U.S. 244, 89 S.Ct. 1030 (1969), disapproved of by *Griffith v. Kentucky,* 479 U.S. 314, 321-322, 107 S.Ct. 708, 712-713 (1987) (agreeing with Justice Harland's dissent in Desist).*Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322 (1969), overruled in part by *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347 (1974). *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683 (1969) held that military personnel could not be tried in military courts

for crimes unrelated to their military service. Overruled by *Solorio v. U.S.*, 483 U.S. 435, 107 S.Ct. 2924 (1987). *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072 (1969) held that there was a presumption of vindictiveness (and denial of due process) when the sentence at trial was greater than in a pervious trial or plea bargain. Overruled by *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201 (1989). *Durham v. U.S.*, 401 U.S. 481, 91 S.Ct. 858 (1971), overruled by *Dove v. U. S.*, 423 U.S. 325, 96 S.Ct. 579 (1976). *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390 (1972), disagreed with by 44 *Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 516 (1996) ("Without questioning the holding in LaRue, we now disavow its reasoning insofar as it relied on the Twenty-first Amendment."). *Bonelli Cattle Co. v. Arizona*, 414 U.S. 313, 94 S.Ct. 517 (1973), overruled by *Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 97 S.Ct. 582 (1977). *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800 (1974), overruled in *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874 (1989). *U. S. v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006 (1975), overruled by *U.S. v. Scott*, 437 U.S. 82, 98 S.Ct. 2187 (1978). *Meek v. Pittenger*, 421 U.S. 349, 95 S.Ct. 1753 (1975) absolutely prohibited tax money being disbursed to religious elementary and secondary schools for education of pupils. Overruled by *Mitchell v. Helms*, 530 U.S. 793, 120 S.Ct. 2530 (2000). *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465 (1976), overruled by *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005 (1985). *Wolman v. Walter*, 433 U.S. 229, 97 S.Ct. 2593 (1977), overruled by *Mitchell v. Helms*, 530 U.S. 793, 120 S.Ct. 2530 (2000). *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586 (1979), abrogated by *California v. Acevedo*, 500 U.S. 565, 111 S.Ct. 1982 (1991). *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled by *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986). *City of Akron v. Akron Center for Reproductive Health, Inc.*, 462 U.S. 416, 103 S.Ct. 2481 (1983), overruled by *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 112 S.Ct. 2791 (1992). *School District of City of Grand Rapids v. Ball*, 473 U.S. 373, 105 S.Ct. 3216 (1985) and *Aguilar v. Felton*, 473 U.S. 402, 105 S.Ct. 3232 (1985) held that teachers paid by taxpayers could not teach in schools operated by religions. Overruled by *Agostini v. Felton*, 521 U.S. 203, 117 S.Ct. 1997 (1997). *Thornburgh v. American College of Obstetricians and Gynecologists*, 476 U.S. 747, 106 S.Ct. 2169 (1986), overruled by *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 112 S.Ct. 2791 (1992). *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841 (1986) held valid a Georgia statute that criminalized sodomy between two consenting adults. Overruled by *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472 (2003). *Booth v. Maryland*, 482 U.S. 496, 107 S.Ct. 2529 (1987), overruled by *Payne v. Tennessee*, 501 U.S. 808, 111 S.Ct. 2597 (1991). *South Carolina v. Gathers*, 490 U.S. 805, 109 S.Ct. 2207 (1989), overruled by *Payne v. Tennessee*, 5 01 U.S. 808, 111 S.Ct. 2597 (1991). *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 109 S.Ct. 2273 (1989), overruled by *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114 (1996). *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084 (1990), overruled by *U.S. v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849 (1993). *Metro Broadcasting, Inc. v. F.C.C.*, 497 U.S. 547, 110 S.Ct. 2997 (1990) held that governmental favoritism for some racial groups could be justified if they were "substantially related to achievement of legitimate government interest". Overruled by *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 115 S.Ct. 2097 (1995), which applied strict scrutiny standard to all racial classifications. *Walton v. Arizona*, 497 U.S. 639, 110 S.Ct. 3047 (1990) held that a judge alone could impose the death penalty. Overruled by *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428 (2002), which held that a jury must recommend the death penalty.

While in the wake of *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), there has been no landrush on gay marriage, there has been a landrush on the LGBTQ church to infiltrate elementary schools with the intent of indoctrinating minors to a worldview on sex that is questionably legal, moral, and obscene and clearly non-secular. The Defendants display encourages that land rush. The Supreme Court has emphasized that there are "heightened concerns with protecting freedom of conscience from subtle coercive pressure in the elementary and secondary public schools," *Lee v. Weisman*, 505 U.S. 577, 592 (1992), and the federal courts have thus "been particularly vigilant in monitoring compliance with the Establishment Clause" in the public-school context, see *Edwards v. Aguillard*, 482 U.S. 578-583 (1987). These "heightened concerns" should compel this Honorable Court to grant leave for *Amici* to file so that children can be better safeguarded.

In the wake of *Obergefell*, there has not been a landrush on gay marriage, but there has been a rush for Secular Humanist to marginalize, oppress, and ostracize Christians of all colors. As African American Pastors, many of whom have felt the string of discrimination on the basis of race, Amici have a vested interest in protecting themselves and the members of their flock from government sanctioned harassment, due to a refusal to see that all pro-gay policies are patently unconstitutional under the Establishment Clause. As Christian leaders, the Amici have a fiduciary duty to protect the members of their congregation from government condoned discrimination.

By granting leave, the Court will be in a better position to make the correct decision that might restore Constitutional integrity and the Court's inherent authority. As African

American Christian Pastors, *Amici*, have a vested interest in not allowing the Government establish the religion of Secular Humanism as the National religion. As African American Pastors, *Amici*, have a vested interest in not allowing Moral Relativists in office to hijack and misappropriate the Fourteenth Amendment. After all, it was Secular Humanists on the bench who handed down the decision in *Dred Scott v. Sandford*, 60 U.S. 393 (1857), which was the decision were the Moral Relativist Democrats on the court held that black people were not human enough to be treated like citizens.  The Secular Humanists on the court in *Dred Scott* did the same thing that the Secular Humanists in the majority in *Obergefell* did.  They handed down a decision that accorded with the unexamined assumption of the superiority of our cultural moment in a manner that violated common sense, transcultural universal law, and existing written provisions of the United States Constitution.  While it took nearly a century for *Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954) to overturn *Plessy v. Ferguson*, 163 U.S. 537 (1896), it should take no more than three years for this case and others to overturn the "egotistic….judicial putsch" known as *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015). *Obergefell* might have been the greatest non-secular sham ever condoned by Secular Humanists in office since the inception of American Jurisprudence.  It is now time for the Court to restore Constitutional order and stop the Defendants from entangling the government with their most recent version of Secular Humanism as the Supreme Court prohibited in cases like Edwards v. Aguillard, 482 U.S. 578 (1987) and *Torcaso v. Watkins*,
367 U.S. 488 (1961). By granting leave to file, this Honorable Court could change the course of law through the force of intellect alone and determine the trajectory of the First Amendment

in a manner that accords with reality and the best interest of the public's safety, health, and welfare.

/s/Anna C. Little Esq./
Attorney at Law
426 Route 36, suite 3
PO Box 382
Highlands, NJ  07732
732 708 1309,
732 391 2134 fax
anna@annaclittleesq.com
www.annaclittleesq.com
Attorney for *Amici* Curiae

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document and attached exhibits were mailed with adequate postage to the Defendants in this actions on February 10, 2018 to counsel at Sarah Edith Clouse U.S. HOUSE OF REPRESENTATIVES Office of General Counsel 219 Cannon House Office Building  Washington, DC 20515 (202) 225-9700 Fax: (202) 226-1360 Email: sarah.clouse@mail.house.gov;;  Chris Sevier 9 Music Square South 247 Nashville, TN 37203 615-500-4411 Email: ghostwarsmusic@gmail.com;; sarah.clouse@mail.house.gov, eleni.roumel@mail.house.gov, kimberly.hamm@mail.house.gov, kristin.shapiro@mail.house.gov, pamela.walsh@mail.house.gov, sarah.friedman@mail.house.gov, thomas.hungar@mail.house.gov, todd.tatelman@mail.house.gov;; Techlawjohn123@gmail.com, whitneypolygamyloveislove@gmail.com,

/s/Anna C. Little Esq./